El Pueblo de Puerto Rico, demandante y apelado, *v.* Felipe B. Rivera, acusado y apelante.

No. 3384.—*Visto:* Febrero 7, 1928. *Resuelto:* Febrero 21, 1928.

1. Jurados—Competencia de los Jurados, Recusaciones y Objeciones—Recusaciones a un Sólo Jurado—En General.—Cuando la recusación de jurados está establecida por estatuto, las reglas que por los tribunales se adopten en cuanto a la recusación sólo pueden ser eficaces si se ajustan al mismo estatuto.

2. Jurados—Competencia de los Jurados, Recusaciones y Objeciones—Recusaciones a un Sólo Jurado—Perentorias—Tiempo para Hacerlas—Antes del Juramento para Entender en la Causa.—Cuando aún no se ha recibido a los jurados el juramento para entender en la causa, el acusado tiene derecho a recusar perentoriamente a aquéllos y el privársele de él es motivo de revocación; sin que la circunstancia de que se manifieste por el juez que jurados no recusados en el *box* se entenderían admitidos, sea bastante a privar al acusado de tal derecho, y menos cuando las partes no han convenido expresamente en la opinión del juez.

Sentencia de *Luis Samalea,* J. (Arecibo), condenando al acusado por delito de destrucción fraudulenta de bienes asegurados en grado de tentativa. *Revocada* y devuelto el caso.

*José R. Aponte* y *Buenaventura Esteves,* abogados del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

El Juez Asociado Señor Texidor, emitió la opinión del tribunal.

Felipe B. Rivera fué acusado ante la Corte de Distrito de Arecibo de· haber voluntaria, ilegal, maliciosa y criminalmente, aconsejado e inducido a Ramón Lamboy que pegara fuego a una casa de su propiedad, sita en Hatillo, con el propósito de destruirla y defraudar a la corporación Fœnix Insurance Co., con la que dicha casa estaba asegurada

El caso fué visto por el tribunal del jurado, que rindió un veredicto declarando al acusado culpable de un delito de destrucción fraudulenta de bienes asegurados, en grado de tentativa. Y la corte impuso al acusado, en sentencia de 24 de junio de 1927, la pena de dos años de presidio de trabajos forzados, contra la que se interpuso la presente apelación.

El apelante Felipe B. Rivera señala cuatro errores.

Como primer error se presenta el siguiente:

"1.—La corte de distrito erró al negar al acusado el derecho a recusar perentoriamente a uno de los miembros del jurado, antes de habérsele tomado juramento de ley para juzgar el caso."

Resulta de la transcripción taquigráfica que se extrajeron de la urna los nombres de doce jurados, y que se hicieron por la defensa del acusado y por el fiscal las recusaciones perentorias que se creyeron convenientes, en número de cinco; extrayéndose los nombres de otros cinco jurados, que como los primeros, prestaron juramento en cuanto a su capacidad; se hicieron otras dos recusaciones perentorias, y entonces el juez de la corte, dijo lo que sigue:

"Hon. Juez.—Se entiende que quedan aceptados los jurados que han quedado en el box. El Secretario procederá a extraer de la urna dos nombres más."

Se extrajeron esos nombres; y al ofrecerse a las partes la recusación perentoria el abogado de la defensa dijo:

"Abogado Sr. Aponte.—¿Me permitirá la corte hacer otra recusación perentoria en cuanto a los anteriores jurados?

"Hon. Juez.—Por eso la Corte advirtió a las partes que los caballeros anteriores que no habían sido recusados se entendían admitidos.

"Abogado Sr. Aponte.—La Corte puede dar a las partes ocasión para recusar a cualquiera antes de tomar el juramento definitivo. Ellos no han jurado todavía.

"Hon. Fiscal.—Me opongo, porque la constitución de este jurado la hemos llevado bajo la base de que los jurados que quedaban en el box sin ser recusados, quedaban aceptados por las partes; y par-

tiendo de esa base hice mis recusaciones perentorias. Esta es la regla que se ha seguido hasta ahora, y no veo la razón para que se altere en este juicio.''

y en el mismo incidente el juez resolvió:

''Hon. Juez.—Habiéndose establecido por la Corte la regla de que los jurados admitidos por las partes, después de las recusaciones perentorias, se entenderían admitidos como miembros del Jurado en este caso, y no habiéndose ·demostrado razón alguna para permitir que se haga en estos momentos una recusación perentoria de jurados que ya han sido admitidos por las partes para formar parte del Tribunal de hechos que ha de conocer de este caso, se deniega la solicitud del abogado del acusado.

''Abogado Sr. Aponte.—Tomo excepción porque los Jurados todavía no han sido juramentados para entender en la causa y se le priva de un derecho al acusado.''

En cuanto a la recusación de jurados, es claro que, cuando está establecida en forma completa por el estatuto, las reglas que por los tribunales se adopten, sólo pueden ser eficaces si se ajustan al mismo estatuto. El nuestro, Código de Enjuiciamiento Criminal, en su artículo 221, dice:

''Art. 221.—La recusación deberá hacerse al presentarse el miembro del jurado, y antes de que se le tome juramento para entender en la causa, pero podrá el tribunal, si para ello hubiere razón, permitir que esto se haga después del juramento y antes de que el jurado se complete.''

Es evidente que el sentido de la ley no es el de restringir fuertemente el derecho de recusación, que se relaciona con el de que el acusado sea sometido a un juicio imparcial y justo. Por eso no puede intrepretarse la frase ''al presentarse el miembro del jurado'' en el sentido de que, en el mismo acto de la presentación ha de hacerse la recusación, y más aún cuando se trata de la perentoria, a la que tiene que preceder la recusación motivada.

Las limitaciones que el artículo citado expresa son las que se refieren a que la recusación se haga antes de tomarse juramento al jurado para entender en la causa, y antes de que el jurado se complete.

. En este caso la defensa del acusado había hecho, hasta el momento en que surgió el incidente antes apuntado, tres recusaciones perentorias, y disponía de otras tres. No necesitaba pedir permiso para recusar, ya que no se había recibido a los jurados el juramento para entender de la causa. La circunstancia de que el juez hubiera dicho que se entendía que los jurados que habían quedado en el box estaban aceptados, no es bastante para privar a las partes de su derecho a recusar, máxime cuando ellas no convinieron expresamente en la opinión del juez.

El derecho del acusado a hacer la recusación que deseaba, es claro, y el privársele de él es error revisable en apelación.

No es necesario considerar los otros errores señalados, ya que el que hemos estudiado basta para la revocación de la sentencia.

*La sentencia apelada debe ser revocada y el caso devuelto* para ulteriores procedimientos no inconsistentes con esta opinión.